Battle. J.
 

 The sole question presented for our consideration by the pleadings is, to what extent the disposition made of the residue of his estate by the testator, in the second clause of his will, is effected by the codicil which he annexed thereto. Tlie ■widow contends that the shares to which her daughters are entitled under the said clause, and which are thereby directed to be kept in her possession, for the support of herself and her children, until, she shall find it convenient to divide them off, were not intended by the codicil to be taken from her immediately and invested in the trustees therein named for the purpose therein declared, but were to be so invested for such purposes, whenever she should think proper to divide them off. The executors say that a contrary construction of the operation and effect of tlie codicil had been suggested, and they seek the advice of the Court upon the-question thus raised. We have no hesitation in saying that the construction contended for by tlie widow, is correct. A codicil is a supplement to a will, or an addition made by the testator, and annexed to one, to be taken as a part of a testament, being for its explanation or alteration, or to make some addition to, or subtraction from the former disposition of the testator. 2
 
 Black. Com.
 
 500:
 
 Williams on Ex'rs.
 
 8. Hence it is said that a codicil may vary, by adding to or taking from the will, but is not wholly to supplant it.
 
 Jarman on Wills
 
 160. In construing a codicil in reference to the will, the leading and controlling obj ect is, as it is in construing the will itself, to ascertain the intention of the testator. So far as a purpose to vary the will, either by adding to or subtracting from it, can be discovered, that purpose, if a lawful one, is to be carried out, but the intention of the testator, as declared in his will, is not to be varied further than is necessary to carry out such purpose. In the will before us, the codicil was written on the same day on which his will was executed, and was introduced under a
 
 nota lene.
 
 The testator seems to have reflected that under the will which he had just published, the shares of the residue of his estate to which his daughters would become enti-
 
 *16
 
 tied, might come to the hands of their husbands and be spent by them, or be liable to the payment of their debts. Against that result, he determined to provide, by annexing to his will the codicil in question, b,y which he directed the shares of his daughters to be vested in trustees for their sole and separate use. We cannot see that he had any other object in view, and we feel almost sure, that if he had desired his daughters shares to be taken from the possession of their mother, before she should find it convenient to divide them oif, he would have expressed himself to that effect in plain language, instead of leaving it as a matter of mere conjecture. A decree may be drawn in accordance with this opinion.
 

 Pfe Cukiam. Decree accordingly.